FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 01, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY J.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | NO: 4:22-CV-05066-LRS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 10, 11. This matter was submitted for consideration without oral

---

[1] The last initial of the claimant is used to protect privacy.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the Defendant in this suit.

ORDER - 1

1  argument.  Plaintiff is represented by attorney Chad Hatfield.  Defendant is
2  represented by Special Assistant United States Attorney Lars J. Nelson.  The Court,
3  having reviewed the administrative record and the parties' briefing, is fully
4  informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 10, is
5  denied and Defendant's Motion, ECF No. 11, is granted.

## JURISDICTION

7  Bradley J. (Plaintiff) filed for disability insurance benefits and for
8  supplemental security income on March 11, 2019, alleging in both applications an
9  onset date of September 1, 2018.  Tr. 214-22.  Benefits were denied initially, Tr.
10  125-33, and upon reconsideration, Tr. 146-59.  Plaintiff appeared at a hearing before
11  an administrative law judge (ALJ) on April 13, 2021.  Tr. 41-66.  On June 5, 2021,
12  the ALJ issued an unfavorable decision, Tr. 13-33, and the Appeals Council denied
13  review.  Tr. 1-6.  The matter is now before this Court pursuant to 42 U.S.C. §
14  405(g).

## BACKGROUND

16  The facts of the case are set forth in the administrative hearing and transcripts,
17  the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are
18  therefore only summarized here.
19  Plaintiff was 52 years old at the time of the hearing.  Tr. 48.  He obtained a
20  high school diploma while he was in the service.  Tr. 48.  He has work experience
21  filling orders and using a forklift in a warehouse.  Tr. 61-62.  Plaintiff testified that

ORDER - 2

he has pain in his shoulders, neck, and lower back. Tr. 50. Every two or three weeks his arms go numb for a few days or up to three or four weeks. Tr. 51. He testified that he lies down daily to relieve pain. Tr. 57-58.

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's

ORDER - 3

decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is

ORDER - 4

engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work

ORDER - 5

activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER - 6

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2018, the alleged onset date. Tr. 18. At step two, the ALJ found that since the alleged onset date, Plaintiff has had the following severe impairments: lumbar spine degenerative disc disease; thoracic spine degenerative disc disease; cervical spine degenerative disc disease; and obesity. Tr. 19.

At step three, the ALJ found that since the alleged onset date, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 19. The ALJ then found that since the alleged onset date, Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> [H]e cannot climb ladders, ropes, or scaffolds, and cannot crawl. He can only occasionally climb flights of stairs and occasionally stoop, kneel and crouch. He can only occasionally reach overhead with both arms. He must avoid excessive vibrations and unprotected heights.

Tr. 20.

At step four, the ALJ found that since the alleged onset date, Plaintiff has been unable to perform any past relevant work. Tr. 26. At step five, after considering

ORDER - 7

and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as cashier II, office helper, and electronics worker. Tr. 26-27. Thus, the ALJ determined that Plaintiff has not been under a disability as defined in the Social Security Act from September 1, 2018, through the date of the decision. Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for review:

1. Whether the ALJ properly considered Plaintiff's subjective complaints; and

2. Whether the ALJ made a proper step five finding.

ECF No. 10 at 10.

## DISCUSSION

**A.    Symptom Testimony**

Plaintiff contends the ALJ improperly considered his subjective complaints. ECF No. 10 at 12-20. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the

ORDER - 8

ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)); see also *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

ORDER - 9

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

Although Plaintiff argues the ALJ's discussion "offered little more than vague assertions" regarding symptom claims. ECF No. 10 at 13, the ALJ gave four reasons for finding Plaintiff's functioning is not as limited as alleged. Tr. 22-24.

First, the ALJ found the medical evidence and the record as a whole do not support greater limitations. Tr. 22-23. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857. The ALJ concluded that imaging of Plaintiff's spine generally showed mild to moderate degenerative changes with no evidence of nerve root compression or compromise. Tr. 22. The ALJ observed that lumbar and thoracic CTs and MRIs in December 2018 and January and February 2019 indicated mild degenerative changes and small disc protrusions, with no significant stenosis

ORDER - 10

and otherwise negative findings. Tr. 22, 500-01, 503, 510-12. With respect to Plaintiff's cervical spine, the ALJ noted that a cervical CT in January 2019 showed mild stenosis in some areas with mild to moderate narrowing at C5-6 and C6-7, and a cervical MRI in February 2019 revealed a small disc protrusion with mild to moderate hypertrophy at C3-4 with moderate hypertrophy with stenosis at C4-5 to C6-7. Tr. 22-23, 498, 504-09.

     The ALJ also observed that while Plaintiff's physical exams revealed neck, cervical spine, and/or low back pain, stiffness, tenderness with palpation, reduced range of motion, and use of a cane at times, the evidence also indicates no focal deficits, mostly normal motor strength, intact sensation, symmetrical reflexes, and equal grip in all extremities. Tr. 23 (citing e.g., Tr. 467, 495, 498, 500, 533, 535, 565-66, 579, 585, 590, 594, 599, 603). For example, during an April 2019 emergency room visit for complaints of chronic back pain, the examiner noted "some mild reproducible tenderness paraspinally" in the lumbar spine, but there was no crepitus or deformity, range of motion was normal with no edema, and no focal deficits were found. Tr. 23, 495. Plaintiff was diagnosed with lumbar strain and exacerbation of chronic back pain, but the examining physician found Plaintiff did "not have signs of neurologic injury or signs of spinal cord injury." Tr. 23, 495. There was no need for an updated MRI and it was recommended that Plaintiff follow up with his treating provider. Tr. 23, 495.

ORDER - 11

Similarly, the ALJ detailed findings from C. Carson, PA-C, in March 2020, indicating limited range of motion in the cervical spine, mildly positive lumbar facet loading, and slightly decreased (4/5) grip strength bilaterally. Tr. 23, 585. However, all other strength findings were normal (5/5). Tr. 585. The ALJ observed that although Plaintiff reported difficulty ambulating, it was noted that Plaintiff performed heel and toe walk without difficulty; and although Plaintiff reports ongoing numbness, the sensory exam showed no diminished sensation in the legs or arms. Tr. 584. In May, July, and November 2020, there were similar findings with some diminished sensation in the upper and lower extremities, limited cervical spine range of motion and slightly reduced grip strength, but otherwise full strength and intact coordination. Tr. 594, 599, 603.

Plaintiff repeats the MRI and CT findings and argues the ALJ "fails to explain how objective imaging evidence does not support the complaints of limited standing." ECF No. 10 at 14. However, the ALJ noted "spinal imaging shows generally mild to moderate degenerative changes with no evidence of nerve root compression/compromise" in concluding that imaging does not support the degree of disabling severity alleged.[3] Tr. 22. The ALJ then discussed physical exam findings

---

[3] The ALJ summarized the objective medical evidence of record as showing "mild-moderate degenerative disc disease on imaging with some decreased range of

ORDER - 12

and other evidence which support the RFC finding. Tr. 23-24. Plaintiff suggests the ALJ referenced "a single VA examination" and "one ER visit" but does not address the ALJ's discussion of the longitudinal record discussed above. ECF No 10 at 15. Plaintiff asserts "the primary limiting factor in the present case is pain," ECF No. 12 at 13, but does not note that the ALJ acknowledged findings which support some of the alleged pain symptoms in making the RFC finding. Tr. 22-24. Plaintiff disagrees with the ALJ's interpretation of the evidence but does not show how the ALJ erred in evaluating the record.

Further, Defendant observes that cases involving similar back impairments are consistent with the ALJ's assessment of limitations. ECF No. 11 at 5-7 (citing *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Mathews v. Shalala*, 10 F.3d 678 (9th Cir. 1993)). Defendant also points out that the ALJ's findings are supported by the medical opinion evidence of Alnoor Virji, M.D., and Norman Staley, M.D. ECF No. 11 at 7. The opinions were given substantial weight by the ALJ, and included findings that Plaintiff is capable of a limited range of light work. Tr. 25. A medical opinion indicating the claimant can perform a limited range of work may undermine a claim of disabling limitations. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Stubbs-Danielson v. Astrue*, 539

---

motion on exams but no evidence to support major focal neurologic deficits." Tr. 25.

ORDER - 13

F.3d 1169, 1175 (9th Cir. 2008); *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995). Indeed, although the ALJ gave substantial weight to the opinions, the ALJ found Plaintiff is more limited and included greater postural limitations accordingly. Tr. 25. The ALJ's findings are supported by substantial evidence.

Second, the ALJ found inconsistencies between Plaintiff's allegations and the medical record. Tr. 24. The ALJ evaluates a claimant's statements for their consistency, both internally and with other information in the case record. Social Security Ruling 16-3p, 2017 WL 5180304, at *5 (effective October 25, 2017). For example, the ALJ noted that Plaintiff reported numbness and tingling in the extremities in November 2019 and was found to have some tenderness and pain in his cervical spine but there was "no appreciable weakness in his upper extremities and no clear numbness either." Tr. 24, 564-65. Plaintiff reports using a cane, but there is no evidence that it was prescribed and the ALJ noted that when he presented with a cane, exams findings indicated normal motor strength and steady gait. Tr. 24 (citing Tr. 467, 529-30). An ALJ may discount a claimant's subjective complaints based on the unprescribed use of an assistive device, such as a cane. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) ("Chaudry's non-prescribed use of a wheelchair and unwarranted use of a cane also factored into the ALJ's determination that Chaudry's subjective expression of his limitations lacked credibility."); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (affirming ALJ's finding

ORDER - 14

that claimant was a "vague witness" in part because he could not recall whether the cane he occasionally used was prescribed).

The ALJ also found it inconsistent that Plaintiff was told he was not a candidate for surgery and would not be referred for new imaging or to neurosurgery until he quit smoking, yet he repeatedly declined offers of assistance with smoking cessation. Tr. 24, 437, 570, 572, 574, 580, 595, 600, 604. Plaintiff argues there is "no nexus" between smoking and Plaintiff's symptom claims and the ALJ should not have cited smoking since Plaintiff testified he was attempting to quit (Tr. 53, 57), but Plaintiff fails to explain why he would not take offers of assistance with smoking cessation in order to obtain further treatment for his allegations of disabling back pain. ECF No. 10 at 18, 12 at 8. The ALJ's conclusions were reasonable based on the record and this is a clear and convincing reason supported by substantial evidence.

Third, the ALJ noted the record reflects little treatment during the relevant period and that Plaintiff declined various forms of treatment. Tr. 23-24. The type, dosage, effectiveness and side effects of medication taken to alleviate pain or other symptoms is a relevant factor in evaluating the intensity and persistence of symptoms. 20 C.F.R. §§ 404.1529 (c)(3)(iv)416.929(c)(3)(iv). Plaintiff testified he has tried multiple prescription medications but that "nothing works" because of his "tolerance to the medications." Tr. 21-22, 52. He stated that injections for his low back pain did not work and caused more pain. Tr. 22. The ALJ observed that in

ORDER - 15

December 2018, Plaintiff was prescribed nortriptyline, TENS, and was referred to a chronic pain group but declined a scooter evaluation, physical therapy and chiropractic treatment. Tr. 467. In January 2019, he was prescribed pain medication and muscle relaxant "as needed." Tr. 23, 498. In May 2020 it was noted "he does not want to try any medications, oral, topical etc [sic] for pain management." Tr. 572. He declined to create a list of medications he had attempted for pain management in the past, stating nothing had worked. Tr. 571. He declined retrial of PT or chiropractic, and declined massage, acupuncture, or a pain psychology consultation, and asserted the "only thing that will help him is back surgery," yet he declined assistance to stop smoking which was a barrier to a neurosurgery referral. Tr. 24, 572. The ALJ's interpretation of the evidence was reasonable and this is a clear and convincing reason supported by substantial evidence.

Fourth, the ALJ found Plaintiff's activities of daily living are inconsistent with allegations of more limiting symptoms. Tr. 24. It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in assessing a claimant's symptom complaints. *See Rollins*, 261 F.3d at 857. However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits. *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). Notwithstanding, if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to

ORDER - 16

discredit an allegation of disabling excess pain.  *Fair,* 885 F.2d at 603.  Furthermore, "[e]ven where [Plaintiff's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

      The ALJ found that despite Plaintiff's reported difficulties with back and neck pain and issues with mobility, he is able to independently complete a range of daily tasks and activities.  Tr. 24.  For example, the ALJ noted plaintiff reported that he is able to manage his personal care, hygiene, and medications without problem, perform household chores such as fixing meals and cleaning with breaks, and care for children ages six and nine.  Tr. 24, 53-54, 394-95.  The ALJ found that despite his reported limitations with chronic pain and mobility, Plaintiff gets out of the house regularly, drives, shops in stores, and goes camping a couple of times a year.  Tr. 24, 394-95.  He manages finances, uses computers, plays computer games, reads, and watches movies.  Tr. 394-95.  The ALJ found that these activities of daily living are consistent with functioning required by a limited range of light work with postural and environmental restrictions as contained in the RFC finding.  Tr. 24.

      Plaintiff argues that these activities are not inconsistent with his symptoms claims and that the ALJ did not show they are transferable to a work setting.  ECF Nos. 10 at 19-20 (citing *Fair*, 885 F.2d at 603), 12 at 9.  However, "[e]ven where [Plaintiff's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict

ORDER - 17

claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.  The court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  Furthermore, even if these daily activities do not rise to the level of "clear" or "convincing" activities inconsistent with Plaintiff's allegations, the ALJ provided other clear and convincing reasons supported by substantial evidence.

**B.     Step Five**

      Plaintiff contends the ALJ erred at step five because the finding that there are jobs available that Plaintiff can perform was based on an incomplete hypothetical.  ECF No. 10 at 20-21.   The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations.  *Osenbrook v. Apfel*, 240 F.3D 1157, 1165 (9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by the medical record."  *Tackett*, 180 F.3d at 1101.  The ALJ is not bound to accept as trued the restrictions presented in a hypothetical question propounded by a claimant's counsel.  *Osenbrook*, 240 F.3d at 1164; *Magallanes*, 881 F.2d at 756-57; *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).  The ALJ is free to accept or reject these restrictions as long as they are supported by substantial evidence, even when there is conflicting medical evidence.  *Magallanes*, 881 F.2d at *id.*

      Plaintiff's argument assumes the ALJ erred in considering Plaintiff's allegations.  The hypothetical contained the limitations the ALJ found credible and

ORDER - 18

supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical was therefore proper. *See id.*; *Bayliss v. Barnhart*, 427 F. 3d 1211, 1217-18 (9th Cir. 2005).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** February 1, 2024.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 19